**R. F. GLUCK, Appellant,**

v.

**TEXAS ANIMAL HEALTH COMMISSION, Appellee.**

No. 15223.

Court of Civil Appeals of Texas, San Antonio.

Oct. 24, 1973.

Rehearing Denied Nov. 21, 1973.

Franklin & Franklin, Jourdanton, for appellant.

Robert W. Gauss, Asst. Atty. Gen. of Texas, Austin, for appellee.

BARROW, Chief Justice.

Appellee, an agency of the state of Texas, was granted a mandatory injunction upon its motion for summary judgment, whereby appellant was commanded to submit for brucellosis testing the cattle he owns or controls on his premises in Frio County in accordance with Section 23A(17) of Article 1525b, Vernon's Tex. Penal Code Ann. (1972–1973 Supp.), hereinafter referred to as the Brucellosis Control Act.[1] Appellant superseded said judgment and perfected this appeal.

1. In Nunley v. Texas Animal Health Commission, 471 S.W.2d 144 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.), the constitutionality of such act was upheld.

Appellant asserts four assignments of error. He urges that the pleadings do not allege the ownership, part ownership or caretakership of any cattle so as to state a cause of action under the Act. He also complains that the judgment is not supported by proper summary judgment proof. He further asserts that there is no statutory authority for the granting of an injunction; and, in any event, he was commanded to do more than is required under the Brucellosis Control Act.

■ The summary judgment is based on the pleadings of the parties and the affidavit of Russell Green, an inspector of the Texas Animal Health Commission. No controverting affidavit was filed by appellant. Requests for admissions were made by appellee regarding appellant's ownership of cattle and refusal to submit same for testing, but appellant refused to admit or deny said requests on the grounds of possible self-incrimination. It was alleged in appellee's sworn petition that Frio County is a Type II brucellosis control area, and that Section 23A(17) requires owners, part owners and caretakers of cattle located in such area to submit their cattle for testing, but that appellant, despite numerous demands, refuses to permit his cattle to be tested. Appellant filed only a general denial. The allegation that appellant refused to submit "his cattle" for testing is a sufficient allegation of his ownership or control in the absence of a special exception.

Mr. Green, by his affidavit of January 31, 1973, swore that he had responsibility for the state animal health programs in Frio County and was competent to testify to the matters in his affidavit. He further swore:

"Since at least June, 1970, my duties have caused me to become familiar with the premises and operations carried on by R. F. Gluck near Big Foot, Frio County, Texas. Frio County is a Type II brucellosis control area. Mr. Gluck had approximately thirty (30) head of cattle on his premises when I first visited him, and he exercises complete control over both the premises and the cattle thereon at all times. During the course of numerous visits to the Gluck premises I have pointed out to Mr. Gluck the necessity for having his cattle tested for brucellosis, but he has consistently refused to honor either the requests or the orders of the Texas Animal Health Commission. The cattle in the possession and control of R. F. Gluck have not been tested for brucellosis."

■■ Appellant urges that Mr. Green's statement that Frio County is a Type II brucellosis control area is a conclusion of law, and that his statement of appellee's possession and control of the cattle is but an opinion. It is seen, however, that the affidavit establishes that afffiant is in charge of the animal health program of Frio County and, thus, would be competent to testify that it was a Type II brucellosis control area. Obviously, a mere statement regarding cattle in the possession and control of Gluck would be of little probative force. See Harris County v. Collin, 365 S.W.2d 187 (Tex.Civ.App.—Texarkana 1963, writ ref'd n. r. e.). However, here the affidavit goes further and shows the basis for such conclusion. The unchallenged statement that Mr. Green visited appellant's premises on numerous occasions fully supports the "shorthand rendition" and establishes that appellee was the owner or caretaker of cattle within the brucellosis control area.

Section 23A(17) of the Brucellosis Control Act provides that any owner or caretaker within a Type II brucellosis control area who fails or refuses to submit his cattle for testing, " . . . shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than Ten Dollars ($10) nor more than Two Hundred Dollars ($200) . . . . " Since the statute does not expressly provide injunctive sanctions, appellant urges that appellee cannot maintain a suit in equity to prevent the continued violation of this statute.

In support of this proposition, appellant cites Crouch v. Craik, 369 S.W.2d 311 (Tex.1963), wherein it was said that ordinarily a court of equity is not concerned with the enforcement of criminal laws. However, in State v. Shoppers World, Inc., 380 S.W.2d 107 (1964), the Supreme Court confessed that such language was much too broad and must be related to the context in which it was written.

■ It has been held that, except as conferred by statute, courts of equity have no criminal jurisdiction, and acts or omissions will not be enjoined *merely* on the ground that they constitute violations of penal statutes. Pitman v. State, 234 S.W. 2d 436 (Tex.Civ.App.—Texarkana 1950, no writ); 43 C.J.S. Injunctions § 150. Notwithstanding this rule, it is well settled that equity will interfere when necessary to protect civil or property rights, and the fact that the commission of a statutory offense must be enjoined as an incident to the giving of proper relief, will not deprive the court of its jurisdiction in this respect. International Brotherhood of Electrical Workers v. Southwestern Bell Telephone Co., 498 S.W.2d 504, 506 (Tex.Civ.App.—Corpus Christi 1973, no writ); Featherstone v. Independent Service Station Ass'n, 10 S.W.2d 124 (Tex.Civ.App.—Dallas 1928, no writ); 6 Lowe, Texas Practice, Section 19 (1973); 43 C.J.S. Injunctions § 151.

■ The stated purpose of the Brucellosis Control Act is to bring about the effective control and eventual eradication of bovine brucellosis in this state. While the Act provides criminal penalties, it is essentially an administrative statute. The appellee is the administrative agency charged with carrying out the Act so as to accomplish such purpose. Clearly, irreparable harm would be threatened to the cattle industry of Frio County if appellant cannot be compelled to comply with the statute, in that the modified certified status of the entire area could be removed by the United States Department of Agriculture and, thus, prohibit the free movement of cattle from the area. Criminal penalties would not protect these valuable property rights. The trial court did not abuse its discretion under such uncontradicted facts in issuing the mandatory injunction.

Appellant also complains because the judgment requires him to submit all of his cattle for testing, whereas only certain animals are required to be tested under the rules and regulations adopted by appellee or the USDA Commission. Such rules and regulations are not in the record; but since the judgment only requires appellant to submit his cattle for testing, it is obvious that appellee will only test the cows covered by the program. However, to determine those which need to be tested, all of the cattle must be submitted to appellee.

■ Appellant further complains that the judgment orders him to submit the cattle by March 23, 1973, whereas the Act does not provide a time limit. The trial court, having concluded from the uncontradicted record that appellant had wholly refused to comply with the statute, issued the mandatory injunction requiring compliance by a certain day. Otherwise, the mandatory injunction would be without effect. However, since such date has now terminated, a new date should be set.

Accordingly, we reform the judgment to delete said date of March 23, 1973, and remand said cause to the trial court with instructions to set a new date for compliance, not later than thirty days after this appeal becomes final.

The judgment, as reformed, is affirmed in all other respects.