**LLOYD A. FRY ROOFING COMPANY,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 8441.**

Court of Civil Appeals of Texas,
Amarillo.

Oct. 31, 1974.

Rehearing Denied Nov. 25, 1974.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

John L. Hill, Atty. Gen. of Texas, Troy C. Webb, Asst. Atty. Gen., Dallas, for appellee.

ROBINSON, Justice.

Appellant Lloyd A. Fry Roofing Company appeals from an interlocutory order in the form of a mandatory injunction ordering the construction of stack sampling equipment on appellant's vent stacks as requested by the Texas Air Control Board. Reversed and rendered dismissing the motion for interlocutory order.

Lloyd A. Fry Roofing Company is a manufacturer of asphalt roofing shingles. Mists, fumes, and vapors are emitted from two vent or smokestacks in Fry's Lubbock, Texas plant. Such emissions are "air contaminants" as defined by the Texas Clean Air Act. Vernon's Ann.Civ.St. art. 4477–5, § 1.03. On November 27, 1972, the Texas Air Control Board first became aware that air contaminants were being emitted from appellant's plant. In response to a request for admissions in the cause before us, Fry admitted that on or about November 27, 1972, the Texas Air Control Board requested Lloyd A. Fry Roofing Company to construct stack sampling facilities on the vent stacks in question. The State does not allege that any hearing was held by the Board or that the Board made any determination or order pursuant to Sec. 3.12 of the Act. Fry did not install the requested stack sampling facilities. The Texas Air Control Board, through the

Attorney General, then filed an action in the name of the State of Texas for injunctive relief and statutory penalties for alleged violations of the Texas Clean Air Act in the District Court of Lubbock County under Sec. 4.02 of the Act. During the pendency of this suit, the State moved for an interlocutory order requiring Fry to construct stack sampling facilities costing from $10,000 to $15,000 on the two stacks at the Lubbock plant. The trial court denied Fry's request for a jury, heard evidence on the feasibility of stack sampling, found that stack sampling was feasible, and entered the requested interlocutory order. It is from this interlocutory order that Fry appeals.

Fry contends that the District Court of Lubbock County did not have jurisdiction to enter the interlocutory order because the Texas Air Control Board had not exercised its primary jurisdiction. The State contends that the court had jurisdiction because the Board's primary administrative jurisdiction had been exhausted by the request for stack sampling facilities. The State further contends that Fry is precluded from challenging the propriety of the Board's request since it did not seek judicial review of the request by appealing to the District Court of Travis County within thirty days after the request.

Article 4477–5, V.A.C.S., provides a comprehensive statutory scheme for implementing pollution control through the creation of an administrative agency, the Texas Air Control Board. The Board is empowered to make rules and regulations consistent with the Act and is expressly authorized to hold hearings and make findings of fact and decisions with respect to administering provisions of the Act or the rules, regulations, orders or other actions of the Board. Portions of relevant sections of the Act are as follows:

"Sec. 3.09. (a) The board has the power, in accordance with the procedures in this section, to make rules and regulations consistent with the general intent and purposes of this Act and to amend any rule or regulation it makes."

\* \* \* \* \* \*

"Sec. 3.10(f) The board is authorized to prescribe the sampling methods and procedures which shall be used in determining violations of and compliance with the rules, regulations, variances, and other orders of the board. . . . "

\* \* \* \* \* \*

"Sec. 3.12(a) The board is authorized to enter orders and determinations as may be necessary to effectuate the purposes of this Act. Except where otherwise specifically authorized in this Act, all orders shall be made by the board."

\* \* \* \* \* \*

"Sec. 3.19. The board shall:

"(1) encourage voluntary cooperation by persons, or affected groups in the restoration and preservation of the purity of the air resources within this state;"

\* \* \* \* \* \*

"Section 6.01. (a) A person affected by any ruling, order, decision, or other act of the board may appeal by filing a petition in a district court of Travis County.

"(b) The petition must be filed within thirty days after the date of the board's action, or, in case of a ruling, order or decision, within thirty days after its effective date."

Section 4.02 on which the State relied in filing this cause provides that whenever it appears that a person is violating "any provision of this Act or of any rule, regulation, variance or other order of this board," the board may bring suit in district court for injunctive relief and/or civil penalties.

Pursuant to its authority under the Act, the Board made Regulation I, Sec. IV–D which reads in part as follows:

"D. Control of Emissions by Stack Sampling

"Where stack sampling is feasible, this is the method for measuring and controlling emissions preferred by the Board. Proper and professional engineering judgement (sic) shall be the criteria for determining the method of measurement. The property owner shall upon request of the Board, provide in connection with such stack or flue such sampling and testing facilities and sampling ports, exclusive of instruments and sensing devices, as may be necessary for the Board to determine the nature and quantity of solid particles which are or may be discharged as the result of source operation."

\* \* \* \* \* \*

"In situations where stack sampling is not feasible, compliance will be determined by the difference between the upwind level and the downwind level of air contaminants for the property as outlined in Appendix B."

\* \* \* \* \* \*

"Nothing herein precludes the Board from using any appropriate method of measurement as circumstances may dictate."

■ The doctrine that primary jurisdiction must first be excercised by the administrative body prior to a court having any jurisdiction is well established in Texas. Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625 (1943); Kavanaugh v. Underwriters Life Ins. Co., 231 S.W.2d 753 (Tex.Civ.App.—Waco 1950, writ ref'd). In *Wencker,* supra at p. 629, the Supreme Court said:

"The [administrative agency] is given the power to determine primarily all fact issues, that is, all issues that are not established as a matter of law; and to permit the courts to pass upon a question not passed on by the [administrative agency] would violate such power."

In *Kavanaugh,* supra 231 S.W.2d at p. 755, the Court quoted from 42 Am.Jur., Public Administrative Law § 254, at pp. 698–699 as follows:

"The doctrine of primary jurisdiction is that the courts cannot or will not determine a controversy involving a question which is within the jurisdiction of an administrative tribunal prior to the decision of that question by the administrative tribunal, where the question demands the exercise of sound administrative discretion requiring the special knowledge, experience and services of the administrative tribunal to determine technical and intricate matters of fact, and a uniformity of ruling is essential to comply with the purposes of the regulatory statute administered. The principle is derived from a consideration of the nature of the question and of the inquiry and the action required for its solution."

■ In the case before us, the determination of the feasibility of stack sampling under the regulation in issue, Reg. I, Sec. IV–D, requires the exercise of proper and professional engineering judgment. The question was one for determination by the administrative agency and absent the exercise of primary jurisdiction, the district court did not have jurisdiction to enter the interlocutory order. The question here is whether the request of the Board for construction of stack sampling facilities exhausted the primary administrative jurisdiction of the Board so as to permit a direct action for enforcement under Sec. 4.02.

In determining the point at which primary administrative jurisdiction has been exercised and where the courts will assume jurisdiction, it is necessary to examine the provision for judicial review of Board action as set out in Sec. 6.01. Sec. 6.01 provides for appeal to the District Court of Travis County of "any ruling, order,

decision, or other act of the board." The request for stack sampling is not a ruling, order or decision. The words "or other act of the board" must be read in context. "Under the rule of *ejusdem generis,* where specific and particular enumerations of persons or things in a statute are followed by general words, the general words are not to be construed in their widest meaning or extent, but are to be treated as limited and applying only to persons or things of the same kind or class as those expressly mentioned." Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (1944). A request is not the same kind of act as a ruling, order or decision.

Further, Regulation I, Sec. IV–D was made pursuant to the statutory grant of authority in Sec. 3.09 to make rules and regulations "consistent with the general intent and purposes of this Act." Sec. 3.19 of the Act requires that the Board seek voluntary cooperation by those affected. In the process of seeking voluntary cooperation the Board will necessarily make requests of those with whom it is negotiating. Such requests by the Board are consistent with the express purpose and intent of the Act, whereas a requirement that a request of the Board be appealed would be inconsistent with and renders virtually meaningless the mandate that the Board seek voluntary compliance. We hold that the request of the Board that Fry construct stack sampling on the vent stacks in question is not a ruling, order, decision, or similar act of the Board which would exhaust its primary administrative jurisdiction. The trial court lacked jurisdiction to determine the feasibility of stack sampling and to enter the interlocutory order compelling Fry to install stack sampling equipment.

We do not reach appellant's other points of error. The cause is reversed and rendered dismissing the State's motion for interlocutory order for lack of jurisdiction. Rule 434, Texas Rules of Civil Procedure. Martin v. Commercial Standard Fire & Mar. Ins. Co., 505 S.W.2d 799 (Tex.1974).