NO. 07-04-0408-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL D


JULY 25, 2006

______________________________


STATE OFFICE OF RISK MANAGEMENT, APPELLANT


v.


TERRY PEEPLES, APPELLEE

_________________________________


FROM THE 237th DISTRICT COURT OF LUBBOCK COUNTY;


NO. 2003-522,038; HON. SAM MEDINA, PRESIDING

_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 This is another (1) of the cases involving the "Downs waiver" (2) under section 409.021
of the Workers' Compensation Act, Tex. Lab. Code § 401.001, et seq., as that section read
before its 2003 amendment. (3) In Downs, the supreme court held that a workers
compensation carrier that failed either to begin payment of benefits or give notification of
its refusal to do so within seven (4) days of its receipt of written notice of an injury, as required
by section 409.021(a), forfeited its ability to contest the compensability of the injury. Downs,
81 S.W.3d at 807. 

 Presenting two issues, the State Office of Risk Management ("SORM") here appeals
a summary judgment granted the claimant, appellee Terry Peeples. Peeples, employed
by Texas Tech University, claimed an injury to his back from an incident that occurred on
April 1, 2002. The contested case hearing officer and the Workers' Compensation
Commission appeals panel determined that SORM waived its right to contest
compensability of Peeples' injury because it failed to pay him benefits or dispute
compensability within seven days of receiving written notice of his injury. When SORM
sought judicial review of the appeals panel decision, Peeples filed a motion for summary
judgment based both on traditional and no-evidence grounds. The trial court granted the
motion without specifying the grounds on which it was granted, and rendered judgment for
Peeples. We will overrule SORM's issues and affirm the trial court's judgment.

 The hearing officer and appeals panel decided the issue of SORM's compliance with
the seven-day deadline in favor of Peeples. SORM bore the burden in the trial court to
establish, by a preponderance of the evidence, that it met the deadline. See § 410.303
(placing burden of proof on party appealing decision of appeals panel). Peeples' no-evidence summary judgment motion asserted there was no evidence SORM timely
complied with the relevant provisions of section 409.021. 

 SORM's first issue contends summary judgment was improper because the
summary judgment evidence raised an issue of fact concerning the date on which SORM
received written notice of Peeples' injury. (5) It is undisputed that SORM accomplished the
notification of its refusal to provide benefits to Peeples by its completion of a form TWCC-21, Payment of Compensation or Notice of Refused or Disputed Claim, on May 9, 2002,
and its hand-delivery of the completed form to the Commission the same day. It also is
undisputed SORM opened a file on Peeples' claim on May 1, 2002. SORM argues there
is some evidence the information it received by May 1 was insufficient to constitute written
notice of Peeples' injury under section 409.021(a) and that its seven-day period to take
action under that section did not begin until May 7. We consider the summary judgment
evidence in the light most favorable to the non-movant. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750 (Tex. 2003). 

 The parties discuss three entries on the form TWCC-21 submitted by SORM as
containing information relevant to the issue of SORM's compliance with the seven-day
deadline in section 409.021(a). The block on the form labeled "date of this notice" contains
the entry "5/9/02"; in the block labeled "nature of injury," SORM entered the word "back";
and in the block calling for "insurance carrier's first written notice of injury received on,"
SORM stated "5/1/02." 

 SORM also points to entries in its electronic claim file apparently made by its claims
adjuster. (6) The initial entry in SORM's claim record states "Claim setup on 05-01-02 at 1:07
pm by LFG." (7) That is the only entry dated May 1. The next several entries are dated May
7, and include the identification of Texas Tech as the employer and an entry apparently
describing the claimed injury, which states "Back. Employer [sic] was pushing a [sic] air lift." 
The entries dated May 7 also include summaries of a telephone conversation with Texas
Tech's claims coordinator and of a recorded statement from the claimant Peeples. 

 Peeples argues that SORM's mere entry of the word "back" in its description of the
nature of his injury on the form TWCC-21 is not evidence of the amount of information
SORM possessed concerning the injury or of the date on which it came into possession of
the information. We agree. Even under SORM's interpretation of the summary judgment
record, it had complete information concerning Peeples' injury by the time it prepared the
form TWCC-21 on May 9. We can infer nothing about the date SORM received written
notice of the injury from its one-word description of the injury on that form.

 We agree also with Peeples' contention that the May 7 entries in SORM's case file
do not provide evidence that SORM lacked information essential to written notice of the
injury when it opened its claim file on May 1. Perhaps we can infer that the entries bearing
the date May 7 were made in SORM's claims system on that date. But nothing in the
summary judgment record permits us to infer that the date information was entered in
SORM's system is the date on which SORM received the information. Moreover, nothing
in the record permits the necessary inference that the claims system entries reflect all the
information in SORM's possession. 

 The summary judgment record does not tell us what information SORM received
that caused it to open a claim file for Peeples on May 1. We find no evidence to support
SORM's contention the information provided it on that date was something less than the
written notice of injury under section 409.021. SORM's first issue is overruled.

 By its second issue, SORM attempts to bring this case within the holding of
Continental Casualty Co. v. Williamson, 971 S.W.2d 108 (Tex.App.-Tyler 1998, no pet.),
in which the court of appeals, drawing the distinction between the defined terms "injury" and
"compensable injury," (8) held that if a hearing officer determines there is no injury, and that
finding is not against the great weight and preponderance of the evidence, the carrier's
failure to contest compensability cannot create an injury as a matter of law. Id. at 110-11. (9)

 Williamson, however, has been limited to cases in which there is a determination the
claimant did not have an injury, (10) as opposed to cases in which an injury is determined not
to be causally related to the claimant's employment. (11) Zurich American Ins. Co. v. Gill, 173
S.W.3d 878, 885 (Tex.App.-Fort Worth 2005, pet. denied). It is undisputed that Peeples
was being medicated for pre-existing back problems at the time of the April 1, 2002
incident. The hearing officer made reference to his medications and to a diagnosis of a
degenerative disc made by Peeples' treating physician. The hearing officer also
summarized the report of another physician who examined Peeples. That report described
Peeples' history of chronic low back pain, and commented that he exhibited all the classical
findings of spinal stenosis. The hearing officer noted the physician's conclusion that the
incident of April 1, 2002 was too mild to have significantly adversely affected the course of
Peeples' spinal condition. Considered in context, we disagree with SORM that the hearing
officer's finding that "on April 1, 2002, during the course and scope of employment,
[Peeples] did not injure himself or cause harm to his body" was a determination that
Peeples had no injury, in the sense in which Williamson has been applied. See Zurich, 173
S.W.3d at 885. We agree with the appeals panel's conclusion that Williamson is not
applicable. SORM's second issue is overruled.

 Having overruled SORM's two issues, we affirm the judgment of the trial court.



 James T. Campbell

 Justice


1. See, e.g., Southwestern Bell Telephone Co., L.P. v. Mitchell, 2005 WL 154203
(Tex.App.-San Antonio Jan. 26 2005, pet. granted).
2. Continental Casualty Co. v. Downs, 81 S.W.3d 803 (Tex. 2002).
3. Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1195
(amended 2003) (current version at TEX. LAB. CODE § 409.021(a) (Vernon 2006)).
4. The current statute now provides the insurance carrier 15 days to begin payment
of benefits or give notification of its refusal to do so. TEX. LAB. CODE § 409.021(a) (Vernon
2006). 
5. In support of its issue, SORM cites a TWCC regulation concerning receipt of notice
of injury by a carrier. The regulation indicates that in some circumstances written notice
under section 409.021 consists of the carrier's earliest receipt of a communication that fairly
informs the carrier of the name of the injured employee, the identity of the employer, the
approximate date of injury and information asserting the injury is work related. 28 TEX.
ADMIN. CODE § 124.1 (West, WESTLAW through 2006). For purposes of disposition of its
issue, we will assume, but do not decide, that SORM is correct the TWCC regulation
defines the essentials of written notice under section 409.021. We note the same
regulation provides that on request of the Commission, a carrier shall provide an affidavit
"indicating the receipt or non-receipt of a notice of injury received and the receipt date." No
such affidavit appears in this record. 
6. The pages in the record have the appearance of being printed from a computer
screen.
7. "LFG" is not identified or further referred to in the record. 
8. TEX. LAB. CODE § 401.011 (10), (26) (Vernon 2006) (defining "compensable injury"
and "injury").
9. Peeples contends that SORM's second issue was not preserved for judicial review. 
We need not address that contention.
10. The claimant in Williamson had a pre-existing injury to his right leg but claimed
injuries to his left leg and other parts of his body from the incident in question. The hearing
officer found the claimant willfully intended to injure himself by staging the incident but did
not sustain an injury. 971 S.W.2d at 109.
11. Compensable injury is "an injury that arises out of and in the course and scope of
employment for which compensation is payable . . . ." TEX. LAB. CODE § 401.011 (10)
(Vernon 2006). Whether an injury was incurred in the course and scope of employment
is an issue of compensability. Texas Workers' Compensation Com'n v. Garcia, 893 S.W.2d
504, 515 (Tex. 1995). 


false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00043-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
17, 2010

 



 

FREDDIE MONROE PICKETT, APPELLANT

 

v.

 

J.C. SLAWSON, ET AL, APPELLEES 



 



 

 FROM THE 223RD DISTRICT COURT OF GRAY
COUNTY;

 

NO. 35440; HONORABLE LEE W. WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Freddie
Monroe Pickett, appearing pro se and in forma pauperis,
is incarcerated in a secure corrections facility operated by the Texas
Department of Criminal Justice.  He
appeals the dismissal, under Chapter 14 of the Civil Practice & Remedies
Code,[1]
of his suit against prison warden AJ. Nunn@ and prison law
librarian AMs. Lamb.@  We will affirm.

 

Background

Pickett initiated
the underlying suit in December 2008, by filing a pleading entitled AInjunction Motion
Order Regarding Photocopying.@  The brief document alleged Pickett was denied
access to the courts when prison officials refused to allow him to photocopy
papers necessary for presentation of two lawsuits he filed in the United States
District Court for the Northern District of Texas, Fort Worth Division: Pickett v. State of Texas, No.
4:08-CV-594-Y and Pickett v. Nunn,
No. 4:08-CV-708-Y.  The pleading further
alleged another suit Pickett filed, Pickett
v. Slawson, No. 4:08-CV-067-Y, was dismissed
because Ms. Lamb did not allow photocopying of documents Pickett needed to
demonstrate he challenged revocation of parole.[2]
 

The remedy Pickett
sought in the underlying suit was a mandatory injunction requiring the
defendants allow him to photocopy the necessary copies.  The record does not indicate citation was
requested or issued and no defendant appeared. 
In January 2009, the trial court sua
sponte dismissed the case without a hearing.  It found the case presented Ano arguable basis
in law or fact and [Pickett=s] realistic
chances of ultimate success [were] slight.

Also in January 2009, Pickett filed
in the trial court a memorandum of law supporting his original petition.[3]  In the document, he named as additional
defendants Officer Mayer, Officer Roswell, Assistant Warden Arnold, and
Major Ms. Pena.  He prayed for
temporary and permanent injunctive relief and actual and exemplary damages.  Pickett timely noticed this appeal.

Discussion

Pickett=s lengthy
appellate brief fails to comply with the briefing requirements of Rule of
Appellate Procedure 38.1 in several respects. 
Tex. R. App. P. 38.1.  However, it
makes clear Pickett=s complaint is the trial court erred by dismissing
his case.  We consider that issue.  See Tex. R. App. P. 38.9.

We review
dismissal of a claim under Chapter 14 for abuse of discretion.  Bishop v. Lawson, 131
S.W.3d 571, 574 (Tex.App.BFort
Worth 2004, pet. denied).  A trial court abuses its discretion if it
acts without reference to any guiding rules or principles; in other words, we
must decide whether the decision of the trial court judge was arbitrary or
unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  Because
a trial court cannot abuse its discretion in reaching a correct result for the
wrong reasons, we will uphold the trial courts order on any ground supported
by the record.  In re H&R Block Fin. Advisors, Inc., 262 S.W.3d 896, 899 (Tex.App.--Houston [14th Dist.] 2008, orig. proceeding).

Chapter 14 was
created to Acurb the flood of frivolous lawsuits being
filed in state courts by inmates, consuming valuable judicial resources with
little offsetting benefit.@  Leachman v. Dretke, 261 S.W.3d 297, 309 (Tex.App.BFort
Worth 2008, no pet.).  Under Chapter
14, the trial court may dismiss a claim that is frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002). 
In determining whether a claim is frivolous or malicious, the trial
court may consider whether the claims realistic chance of ultimate success is
slight or whether the claim has no arguable basis in law or in fact.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)(1)(2) (Vernon 2002). 


The doctrine that
primary jurisdiction must first be exercised by the administrative body prior
to a court having any jurisdiction is well established in Texas.  Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625, 629 (1943); Lloyd
A. Fry Roofing Co. v. State, 516 S.W.2d 430, 432 (Tex.Civ.App.BAmarillo
1974, writ ref=d n.r.e.).  The legislature has mandated that the Texas
Department of Criminal Justice develop and maintain an inmate grievance system.  Tex. Gov=t Code Ann. ' 501.008(a)
(Vernon 2004).  An inmate must exhaust
the department=s grievance system before filing
suit.  Tex. Civ. Prac. & Rem. Code Ann. '
14.005 (Vernon 2002); Tex. Gov=t Code
Ann. ' 501.008 (Vernon 2002).  Exhaustion of the department=s grievance
process is documented by the inmate filing with the trial court an affidavit or
unsworn declaration stating the date the grievance was filed and the date the
inmate received the written decision described by § 501.008(d) of the Government
Code, and a copy of the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005(a)(1)(2) (Vernon 2002). 
Suit on the claim must be brought within thirty-one days of the date the
inmate receives the written grievance decision or the trial court must dismiss
the case.  Id.
at '
14.005(b).  If an inmate files
suit before the grievance process is complete, the trial court must stay the
proceeding with respect to the claim for a period not to exceed 180 days to
permit completion of the grievance process. 
Id. ' 14.005(c).  

Pickett complains
he was denied photocopying privileges. Thus the department=s policies, rules,
regulations and procedures on the matter were implicated. Tex. Dept of
Criminal Justice, Offender Orientation Handbook, Chapter 4: Offender Access to the Courts, Counsel, and Public
Officials Rules, 91-94, §§ I-III (rev. Nov. 2004), available at
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last
visited on September 8, 2010) (sections of the chapter among other things
address law libraries, legal materials, and performance of legal work).  Issues concerning the interpretation or
application of the department=s policies, rules,
regulations and procedures as well as any other matter within the authority of
the department, are subject to the department=s grievance
process.  Id. 52-53 § VI(F).  

The department=s grievance
process begins with an informal attempt to resolve the problem.  If the informal attempt is unsuccessful, two
steps follow.  The inmate has fifteen
days from the grievable event to forward a step 1
grievance form to the unit grievance investigator.  If unsatisfied with the step 1 decision, the
inmate may appeal by submitting a step 2 form to the unit grievance
investigator within fifteen days of the step 1 response.  Id. at 52 § VI(B).  A written response is due within thirty-five
days.  Id.

Attached to
Picketts memorandum of law were two department form I-60s submitted by
Pickett.  One addressed to AMs. Rowell@ complained of AMs. Lamb@ and the
department=s Jordan unit.  The other sought an explanation from AMs. Lamb@ for denying
Pickett copies.  But submission of a form
I-60 is not a step in the department=s grievance
process.  Bisby
v. Garza, No. 08-40876, 342 Fed. Appx. 969, 2009 U.S. App. Lexis 19433, at *7
(5th Cir. August 28, 2009) (per curiam).  Rather, it is the written means for an inmate
to request assistance.  Offender Handbook
at 49 § VI(P). 
Otherwise, Pickett=s pleading, and for that matter the
record, omit a declaration of the date a grievance was filed, the date a
decision was received, and a copy of the decision.  See Tex. Civ. Prac.
& Rem. Code Ann. '
14.005(a) (Vernon 2002).  

On this record,
the trial court could conclude that Pickett failed to exhaust the departments
administrative remedies.  A claim lacks
an arguable basis in law if the inmate fails to exhaust administrative remedies
before filing suit.  Retzlaff v. Tex.
Dept of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.BHouston
[14th Dist.] 2002, pet. denied).  Moreover, a trial court does not abuse its
discretion in dismissing a case for the inmates failure to strictly meet the
requirements of § 14.005.  Brewer v. Simental,
268 S.W.3d 763, 768 (Tex.App.--Waco 2007, no pet.).  

The record also supports a second reason
for dismissal of Picketts suit, which the trial court did not express in its
order.  In determining whether a claim
under Chapter 14 is frivolous or malicious, a trial court may consider whether
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). 
In the absence of an affidavit meeting the requirements of § 14.004, the
trial court may assume the suit is substantially similar to one the inmate
previously filed.  Bell v. Texas Dept of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex.App.--Houston
[14th Dist.] 1998, pet. denied).

Pickett did not file an affidavit or
unsworn declaration specifically identifying all other pro se lawsuits he filed as required by § 14.004.  Identification in his petition by name and
case number of his three federal court cases and a two-sentence explanation of
the dismissal of Pickett v. Slawson do not satisfy the specific requirements of §
14.004.  An assumption of substantial
similarity of suits is proper on this record.[4]

We conclude the
trial court did not abuse its discretion by dismissing Picketts case.  

Orders on Pending
Matters Carried with the Case

During the
pendency of this appeal, Picket filed a document with the clerk of this court
bearing the form of an application for writ of habeas corpus under federal
law.  See
28 U.S.C.A. § 2254 (West 2006) (federal habeas corpus statute).  We lack jurisdiction over original habeas
corpus actions in criminal law matters. 
Our original jurisdiction over a habeas corpus petition is limited to
contempt judgments in which a persons liberty is restrained because the person
violated the order of a court in a civil case. 
See Tex. Govt
Code Ann. § 22.221(d) (Vernon 2004). 
Moreover, by § 2254 Congress granted the courts of the United States
authority to grant habeas relief to a person in custody according to the
judgment of a state court.  See generally 28 U.S.C.A. § 2254(a)
(West 2006) (statute entitled State custody; remedies in Federal court;
subsection (a) in part provides, [t]he Supreme Court, a Justice thereof, a
circuit judge, or a district court shall entertain an application for a writ of
habeas corpus in behalf of a person in custody pursuant to the judgment of a
State court . . . .).  This section does
not alter our limited habeas corpus jurisdiction.  To the extent the document Pickett filed
requests habeas corpus relief under § 2254, it is dismissed for want of
jurisdiction.  

            By motion, Pickett requested
reconsideration of denial of oral argument. 
Pickett did not timely request oral argument and our decisional process
would not be significantly aided by oral argument. Tex. R.
App. P. 39.1(d). The motion for reconsideration is denied.

            Pickett also filed a motion
requesting discovery from appellees.  Discovery serves no purpose in the appellate
process and is not authorized by law. 
Picketts motion for discovery is dismissed.

            Pickett also filed a number of other
documents with the clerk of this court. 
Pickett is untrained in law but has laboriously handwritten his filings,
many of them lengthy.  Discernment of the
purpose of many of these documents has proved difficult.  This said, if there
remains pending any motion or other matter Pickett intended for our decision,
it is denied.

Conclusion

Finding no abuse
of discretion, we overrule Picketts appellate issue, and affirm the judgment
of the trial court.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

            








 











[1]  Tex. Civ. Prac. & Rem. Code Ann. ''
14.001-14.014 (Vernon 2002).





[2]  Case No. 4:08-CV-067-Y was dismissed
with prejudice on the trial courts conclusion that Picketts claims were
barred by the statute of limitations.  See Pickett v. Slawson,
No. 4:08-CV-067-Y, 2008 U.S. Dist. Lexis 68325, at *4-*5 (N.D. Tex., Fort Worth
Div., Aug. 28, 2008), appeal dismissed,
Pickett v. Slawson, No. 08-10900, 326 Fed. Appx. 304, 2009 U.S. App. Lexis 11822 (5th Cir. June 2, 2009) (per curiam).  

 





[3] The
memorandum of law was dated the same day as the trial courts order of
dismissal.  From the clerks record it is
not possible to determine if the memorandum was filed that day by mail
according to Rule of Civil Procedure 5. 
Tex. R. Civ. P. 5.  Even if the
document properly could be construed as an amended petition, its content does
not alter our analysis or disposition of the case.

 





[4]  The function
of a § 14.004 affidavit for determining substantial similarity of suits is
illustrated here.  Had Pickett filed a proper affidavit the trial court would have
learned that in Case No. 4:08-CV-708-Y Pickett sued J. Nunn, Ms. Lamb, and
others seeking an order requiring prison officials make copies of court records
available to him, that he alleged the defendants denied him access to the
courts, and that he further alleged Pickett
v. Slawson, No. 4:08-CV-067-Y, was dismissed
because Pickett was unable to provide copies of court documents.  See
Pickett v. Nunn, No. 4:08-CV-708-Y 2009 U.S. Dist. Lexis 28077 (N.D. Tex.
Fort Worth Div. April 2, 2009), affd, Pickett v. Nunn, 367 Fed. Appx.
536, 2010 U.S. App. Lexis 3790 (5th Cir., Feb. 24,
2010) (per curiam) (case dismissed with prejudice; no
actual injury shown as dismissal of prior cases was not for failure to provide
records but for untimely filing).