NO. 07-09-00043-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
17, 2010

 



 

FREDDIE MONROE PICKETT, APPELLANT

 

v.

 

J.C. SLAWSON, ET AL, APPELLEES 



 



 

 FROM THE 223RD DISTRICT COURT OF GRAY
COUNTY;

 

NO. 35440; HONORABLE LEE W. WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Freddie
Monroe Pickett, appearing pro se and in forma pauperis,
is incarcerated in a secure corrections facility operated by the Texas
Department of Criminal Justice.  He
appeals the dismissal, under Chapter 14 of the Civil Practice & Remedies
Code,[1]
of his suit against prison warden AJ. Nunn@ and prison law
librarian AMs. Lamb.@  We will affirm.

 

Background

Pickett initiated
the underlying suit in December 2008, by filing a pleading entitled AInjunction Motion
Order Regarding Photocopying.@  The brief document alleged Pickett was denied
access to the courts when prison officials refused to allow him to photocopy
papers necessary for presentation of two lawsuits he filed in the United States
District Court for the Northern District of Texas, Fort Worth Division: Pickett v. State of Texas, No.
4:08-CV-594-Y and Pickett v. Nunn,
No. 4:08-CV-708-Y.  The pleading further
alleged another suit Pickett filed, Pickett
v. Slawson, No. 4:08-CV-067-Y, was dismissed
because Ms. Lamb did not allow photocopying of documents Pickett needed to
demonstrate he challenged revocation of parole.[2]
 

The remedy Pickett
sought in the underlying suit was a mandatory injunction requiring the
defendants allow him to photocopy the necessary copies.  The record does not indicate citation was
requested or issued and no defendant appeared. 
In January 2009, the trial court sua
sponte dismissed the case without a hearing.  It found the case presented Ano arguable basis
in law or fact and [Pickett=s] realistic
chances of ultimate success [were] slight.”

Also in January 2009, Pickett filed
in the trial court a “memorandum of law” supporting his original petition.[3]  In the document, he named as additional
defendants “Officer Mayer,” “Officer Roswell,” “Assistant Warden Arnold,” and
“Major Ms. Pena.”  He prayed for
temporary and permanent injunctive relief and actual and exemplary damages.  Pickett timely noticed this appeal.

Discussion

Pickett=s lengthy
appellate brief fails to comply with the briefing requirements of Rule of
Appellate Procedure 38.1 in several respects. 
Tex. R. App. P. 38.1.  However, it
makes clear Pickett=s complaint is the trial court erred by dismissing
his case.  We consider that issue.  See Tex. R. App. P. 38.9.

We review
dismissal of a claim under Chapter 14 for abuse of discretion.  Bishop v. Lawson, 131
S.W.3d 571, 574 (Tex.App.BFort
Worth 2004, pet. denied).  A trial court abuses its discretion if it
acts without reference to any guiding rules or principles; in other words, we
must decide whether the decision of the trial court judge was arbitrary or
unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  “Because
a trial court cannot abuse its discretion in reaching a correct result for the
wrong reasons, we will uphold the trial court’s order on any ground supported
by the record.”  In re H&R Block Fin. Advisors, Inc., 262 S.W.3d 896, 899 (Tex.App.--Houston [14th Dist.] 2008, orig. proceeding).

Chapter 14 was
created to Acurb the flood of frivolous lawsuits being
filed in state courts by inmates, consuming valuable judicial resources with
little offsetting benefit.@  Leachman v. Dretke, 261 S.W.3d 297, 309 (Tex.App.BFort
Worth 2008, no pet.).  Under Chapter
14, the trial court may dismiss a claim that is frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002). 
In determining whether a claim is frivolous or malicious, the trial
court may consider whether the claim’s realistic chance of ultimate success is
slight or whether the claim has no arguable basis in law or in fact.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)(1)(2) (Vernon 2002). 


The doctrine that
primary jurisdiction must first be exercised by the administrative body prior
to a court having any jurisdiction is well established in Texas.  Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625, 629 (1943); Lloyd
A. Fry Roofing Co. v. State, 516 S.W.2d 430, 432 (Tex.Civ.App.BAmarillo
1974, writ ref=d n.r.e.).  The legislature has mandated that the Texas
Department of Criminal Justice develop and maintain an inmate grievance system.  Tex. Gov=t Code Ann. ' 501.008(a)
(Vernon 2004).  An inmate must exhaust
the department=s grievance system before filing
suit.  Tex. Civ. Prac. & Rem. Code Ann. '
14.005 (Vernon 2002); Tex. Gov=t Code
Ann. ' 501.008 (Vernon 2002).  Exhaustion of the department=s grievance
process is documented by the inmate filing with the trial court an affidavit or
unsworn declaration stating the date the grievance was filed and the date the
inmate received the written decision described by § 501.008(d) of the Government
Code, and a copy of the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005(a)(1)(2) (Vernon 2002). 
Suit on the claim must be brought within thirty-one days of the date the
inmate receives the written grievance decision or the trial court must dismiss
the case.  Id.
at '
14.005(b).  If an inmate files
suit before the grievance process is complete, the trial court must stay the
proceeding with respect to the claim for a period not to exceed 180 days to
permit completion of the grievance process. 
Id. ' 14.005(c).  

Pickett complains
he was denied photocopying privileges. Thus the department=s policies, rules,
regulations and procedures on the matter were implicated. Tex. Dep’t of
Criminal Justice, Offender Orientation Handbook, Chapter 4: “Offender Access to the Courts, Counsel, and Public
Officials Rules,” 91-94, §§ I-III (rev. Nov. 2004), available at
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last
visited on September 8, 2010) (sections of the chapter among other things
address law libraries, legal materials, and performance of legal work).  Issues concerning the interpretation or
application of the department=s policies, rules,
regulations and procedures as well as any other matter within the authority of
the department, are subject to the department=s grievance
process.  Id. 52-53 § VI(F).  

The department=s grievance
process begins with an informal attempt to resolve the problem.  If the informal attempt is unsuccessful, two
steps follow.  The inmate has fifteen
days from the grievable event to forward a step 1
grievance form to the unit grievance investigator.  If unsatisfied with the step 1 decision, the
inmate may appeal by submitting a step 2 form to the unit grievance
investigator within fifteen days of the step 1 response.  Id. at 52 § VI(B).  A written response is due within thirty-five
days.  Id.

Attached to
Pickett’s memorandum of law were two department form I-60s submitted by
Pickett.  One addressed to AMs. Rowell@ complained of AMs. Lamb@ and the
department=s Jordan unit.  The other sought an explanation from AMs. Lamb@ for denying
Pickett copies.  But submission of a form
I-60 is not a step in the department=s grievance
process.  Bisby
v. Garza, No. 08-40876, 342 Fed. Appx. 969, 2009 U.S. App. Lexis 19433, at *7
(5th Cir. August 28, 2009) (per curiam).  Rather, it is the written means for an inmate
to request assistance.  Offender Handbook
at 49 § VI(P). 
Otherwise, Pickett=s pleading, and for that matter the
record, omit a declaration of the date a grievance was filed, the date a
decision was received, and a copy of the decision.  See Tex. Civ. Prac.
& Rem. Code Ann. '
14.005(a) (Vernon 2002).  

On this record,
the trial court could conclude that Pickett failed to exhaust the department’s
administrative remedies.  A claim lacks
an arguable basis in law if the inmate fails to exhaust administrative remedies
before filing suit.  Retzlaff v. Tex.
Dep’t of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.BHouston
[14th Dist.] 2002, pet. denied).  Moreover, a trial court does not abuse its
discretion in dismissing a case for the inmate’s failure to strictly meet the
requirements of § 14.005.  Brewer v. Simental,
268 S.W.3d 763, 768 (Tex.App.--Waco 2007, no pet.).  

The record also supports a second reason
for dismissal of Pickett’s suit, which the trial court did not express in its
order.  In determining whether a claim
under Chapter 14 is frivolous or malicious, a trial court may consider “whether
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.”  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). 
In the absence of an affidavit meeting the requirements of § 14.004, the
trial court may assume the suit is substantially similar to one the inmate
previously filed.  Bell v. Texas Dep’t of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex.App.--Houston
[14th Dist.] 1998, pet. denied).

Pickett did not file an affidavit or
unsworn declaration specifically identifying all other pro se lawsuits he filed as required by § 14.004.  Identification in his petition by name and
case number of his three federal court cases and a two-sentence explanation of
the dismissal of Pickett v. Slawson do not satisfy the specific requirements of §
14.004.  An assumption of substantial
similarity of suits is proper on this record.[4]

We conclude the
trial court did not abuse its discretion by dismissing Pickett’s case.  

Orders on Pending
Matters Carried with the Case

During the
pendency of this appeal, Picket filed a document with the clerk of this court
bearing the form of an application for writ of habeas corpus under federal
law.  See
28 U.S.C.A. § 2254 (West 2006) (federal habeas corpus statute).  We lack jurisdiction over original habeas
corpus actions in criminal law matters. 
Our original jurisdiction over a habeas corpus petition is limited to
contempt judgments in which a person’s liberty is restrained because the person
violated the order of a court in a civil case. 
See Tex. Gov’t
Code Ann. § 22.221(d) (Vernon 2004). 
Moreover, by § 2254 Congress granted the courts of the United States
authority to grant habeas relief to a person in custody according to the
judgment of a state court.  See generally 28 U.S.C.A. § 2254(a)
(West 2006) (statute entitled “State custody; remedies in Federal court”;
subsection (a) in part provides, “[t]he Supreme Court, a Justice thereof, a
circuit judge, or a district court shall entertain an application for a writ of
habeas corpus in behalf of a person in custody pursuant to the judgment of a
State court . . . .”).  This section does
not alter our limited habeas corpus jurisdiction.  To the extent the document Pickett filed
requests habeas corpus relief under § 2254, it is dismissed for want of
jurisdiction.  

            By motion, Pickett requested
reconsideration of denial of oral argument. 
Pickett did not timely request oral argument and our decisional process
would not be significantly aided by oral argument. Tex. R.
App. P. 39.1(d). The motion for reconsideration is denied.

            Pickett also filed a motion
requesting discovery from appellees.  Discovery serves no purpose in the appellate
process and is not authorized by law. 
Pickett’s motion for discovery is dismissed.

            Pickett also filed a number of other
documents with the clerk of this court. 
Pickett is untrained in law but has laboriously handwritten his filings,
many of them lengthy.  Discernment of the
purpose of many of these documents has proved difficult.  This said, if there
remains pending any motion or other matter Pickett intended for our decision,
it is denied.

Conclusion

Finding no abuse
of discretion, we overrule Pickett’s appellate issue, and affirm the judgment
of the trial court.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

            








 











[1]  Tex. Civ. Prac. & Rem. Code Ann. ''
14.001-14.014 (Vernon 2002).





[2]  Case No. 4:08-CV-067-Y was dismissed
with prejudice on the trial court’s conclusion that Pickett’s claims were
barred by the statute of limitations.  See Pickett v. Slawson,
No. 4:08-CV-067-Y, 2008 U.S. Dist. Lexis 68325, at *4-*5 (N.D. Tex., Fort Worth
Div., Aug. 28, 2008), appeal dismissed,
Pickett v. Slawson, No. 08-10900, 326 Fed. Appx. 304, 2009 U.S. App. Lexis 11822 (5th Cir. June 2, 2009) (per curiam).  

 





[3] The
memorandum of law was dated the same day as the trial court’s order of
dismissal.  From the clerk’s record it is
not possible to determine if the memorandum was filed that day by mail
according to Rule of Civil Procedure 5. 
Tex. R. Civ. P. 5.  Even if the
document properly could be construed as an amended petition, its content does
not alter our analysis or disposition of the case.

 





[4]  The function
of a § 14.004 affidavit for determining substantial similarity of suits is
illustrated here.  Had Pickett filed a proper affidavit the trial court would have
learned that in Case No. 4:08-CV-708-Y Pickett sued J. Nunn, Ms. Lamb, and
others seeking an order requiring prison officials make copies of court records
available to him, that he alleged the defendants denied him access to the
courts, and that he further alleged Pickett
v. Slawson, No. 4:08-CV-067-Y, was dismissed
because Pickett was unable to provide copies of court documents.  See
Pickett v. Nunn, No. 4:08-CV-708-Y 2009 U.S. Dist. Lexis 28077 (N.D. Tex.
Fort Worth Div. April 2, 2009), aff’d, Pickett v. Nunn, 367 Fed. Appx.
536, 2010 U.S. App. Lexis 3790 (5th Cir., Feb. 24,
2010) (per curiam) (case dismissed with prejudice; no
actual injury shown as dismissal of prior cases was not for failure to provide
records but for untimely filing).