# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40563
Summary Calendar

JERRY LYNN BISBY

Plaintiff-Appellant

v.

ASSISTANT WARDEN RICHARD CRITES; REGIONAL DIRECTOR RAY
CASTRO; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2-08-CV-23

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges..

PER CURIAM:[*]

Jerry Lynn Bisby, Texas prisoner #654038, appeals from the dismissal of

his action brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).[1] Bisby contends that the grooming policies of the Texas Department of Criminal Justice (TDCJ) violate the RLUIPA because his religious beliefs prohibit him from cutting his hair or trimming his beard. He further contends that TDCJ's grooming policies violate the Equal Protection Clause because prisoners in other states and in the federal prison system are allowed to grow out their hair and beards and because TDCJ does not apply the same policies to female prisoners.

We have upheld TDCJ's grooming policies against a RLUIPA challenge. *See Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007). We also have rejected an argument that TDCJ's grooming policies violate male prisoners' equal protection rights because female prisoners are allowed to grow longer hair than male prisoners are. *See id.* at 904-05. Moreover, Bisby does not indicate how prisoners in other state systems and the federal system are similarly situated to Texas prisoners, nor does he indicate how Texas prisoners are singled out by Texas authorities for treatment different from prisoners in other states and the federal system. Thus, Bisby cannot prevail on his equal protection claim.

Based upon the analysis above, Bisby's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. the dismissal of this appeal counts as a strike for purposes of 28 U.S.C. § 1915(g), as did the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bisby previously accumulated one strike in *Bisby v. Woods*, No. 7:00-CV-00253-R (N.D. Tex. Jan. 5, 2001). Because Bisby thus has accumulated three strikes, effective with the decision herein, he is barred from proceeding in forma pauperis (IFP) in any civil

---

[1] The dismissal was based on his complaint, the amended complaint and the hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The district court dismissed the suit with prejudice, having adopted the magistrate's recommendation to dismiss with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915 (A)(b)(1).

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Whether the imposition of the section 1915(g) bar herein affects Bisby's appeal or IFP status in the pending appeal in *Bisby v. Garza*, appeal no. 08-40876, we determine under these particular circumstances, is a matter which is best decided by the panel deciding said case no. 08-40876.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.