# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40876
Summary Calendar

JERRY L BISBY

Plaintiff-Appellant

v.

Sergeant KIMBERLY GARZA, Building Supervisor Sergeant, McConnell Unit; AMERICAN CORRECTION ASSOCIATION; Warden OSCAR MENDOZA, McConnell Unit

Defendants-Appellees

*********************************************************

JERRY LYNN BISBY

Plaintiff-Appellant

v.

AMERICAN CORRECTIONAL ASSOCIATION

Defendant-Appellee

*********************************************************

JERRY LYNN BISBY

Plaintiff-Appellant

v.

OSCAR MENDOZA, Warden-McConnell Unit

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-404
USDC No. 2:07-CV-423
USDC No. 2:07-CV-424

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry Lynn Bisby appeals from the grant of summary judgment for two defendants and the dismissal of his claim against another defendant for failure to exhaust administrative remedies. Bisby slipped and fell in his cell on July 4, 2007, resulting in three 42 U.S.C. § 1983 actions that were consolidated by the district court. The defendants in Bisby's actions were Sergeant Kimberly Garza, Warden Oscar Mendoza, and the American Correctional Association (ACA).

This court reviews de novo a grant of summary judgment. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot satisfy his summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little*, 37 F.3d at 1075.

Bisby contends that Garza was deliberately indifferent to his serious medical needs by ordering him back to his cell and denying him immediate medical treatment after his fall. The record, however, indicates that Bisby was seen within hours of his slip and fall, and it does not indicate that his pain was sufficiently severe during the period between his fall and his examination by medical personnel to give rise to an Eighth Amendment violation. *Cf. Easter v. Powell,* 467 F.3d 459, 464-65 (5th Cir. 2006) (holding that a prisoner may recover damages for pain suffered during delay of treatment).

Bisby contends that there is a genuine issue of material fact as to whether grievance remedies were unavailable to him as to Mendoza and Bisby's conditions of confinement claim because grievance personnel failed to return his step-one grievance he had filed about his leaky cell and the black mold growing inside it. He argues that the exhaustion requirement should have been deemed satisfied by the failure to return his grievance. He states that he made Mendoza, Garza, and the ACA aware of constitutional violations via letters he wrote, but that they refused to remedy them. Also, an outside organization called "The Eyes of Justice" wrote letters informing the defendants of unconstitutional living conditions at the unit. Bisby seeks to rely on carbon copies of I-60 request forms sent to Mendoza to show exhaustion and seeks to rely on Abraham Weber's case, no. 2:04-CV-00378, to argue that officials were put on notice of conditions at the unit in 2004.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purposes of this exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into

3

federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). This court reviews a district court's dismissal of a prisoner's § 1983 complaint for failure to exhaust de novo. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

"The PLRA requires exhaustion of 'such administrative remedies as are available.'" *Jones v. Bock,* 549 U.S. 199, 217 (2007) (quoting § 1997e(a) and rejecting Sixth Circuit rule requiring claimant to name all defendants in initial grievance). Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. *Woodford,* 548 U.S. at 89-93. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

The Texas prison system has a two-step formal grievance process. *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004). "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." *Id.* (citing *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)). "[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." *Jones,* 549 U.S. at 219. The amount of information necessary depends on the type of problem about which the inmate is complaining. *Johnson,* 385 F.3d at 517. This court has noted that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Id.* at 522. However, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and . . . will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Id.* Thus, where an inmate complains of improper conduct by a guard, "the administrators

responding to the grievance would want to know . . . who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

The only unprocessed grievance in the record was directed at Garza's conduct after Bisby slipped and fell, though Bisby did allege that he was told he would be moved to a non-leaky cell. The grievance did not mention mold, and it only mentioned water as being there when he slipped and fell. The unprocessed grievance would not have put Mendoza on notice that the watery, moldy conditions of Bisby's cell were being challenged by Bisby.

Bisby did include copies of five I-60s from May through August 2007 directed to Mendoza complaining of mold and water leaks, but I-60s are not a part of the two-step TDCJ formal grievance procedure Bisby is required to exhaust. *See* TEXAS DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK, 52-54 (2004). Bisby submitted an I-60 to the grievance department-- and not Mendoza--inquiring about the unprocessed grievance. 2d Supp. R. 24. Prisoners are directed to use I-60s to complain about the adequacy of grievance procedures. *See* OFFENDER HANDBOOK at 59. However, the I-60 about the unprocessed grievance was not addressed to Mendoza. Moreover, the grievance in question would not have put Mendoza on notice that Bisby intended to pursue a formal grievance against him. *See Johnson,* 385 F.3d at 522.

Section 1997e(a) does not explicitly allow one prisoner to rely on another prisoner's grievances or litigation to show exhaustion. *See* § 1997e(a). Moreover, Bisby does not allege that the conditions of his own cell were, or could have been, raised by Weber in 2004. Bisby has not shown that the Weber's legal action amounted to an exhaustion of Bisby's prison grievances.

Bisby contends that the American Correctional Association (ACA) conspired with prison officials to fraudulently accredit the McConnell Unit. He concedes that the ACA was a private actor. In order to hold the ACA liable on Bisby's Section 1983 claim on a conspiracy theory, the ACA must have engaged

in a conspiracy with state actors to violate his constitutional rights. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). To make such a claim actionable, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated. *Id.* A plaintiff must "allege specific facts to show an agreement." *Priester v. Lowndes County,* 354 F.3d 414, 421 (5th Cir. 2004).

Bisby alleges in conclusional terms that the ACA conspired with prison officials to falsely accredit the McConnell Unit. The evidence indicated no genuine issues of material fact as to whether the ACA conspired with prison officials to violate Bisby's constitutional rights. The district court did not err by granting summary judgment for the ACA. *See* FED. R. CIV. P. 56(e); *Priester,* 354 F.3d at 421.

Bisby argues that food at the McConnell Unit is inadequate during lockdown periods. The magistrate judge denied Bisby's motion to amend his complaint to add this claim, and the district court denied his motion for a preliminary injunction as to food during lockdown periods. Bisby does not argue that the rulings of the magistrate judge and the district court were erroneous. Bisby has failed to brief the dispositive issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Bisby contends that the district court erred by denying his motions to conduct an investigation and to inspect the prison, in which he requested that the court or an appointee inspect the unit on a rainy day so they could witness water entering the cell and black mold on the walls. The magistrate judge denied two such motions.

"The district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." *Scott v. Monsanto Co.,* 868 F.2d 786, 793 (5th Cir. 1989). Generally, summary judgment may be granted only after an "adequate time for discovery." *Celotex,* 477 U.S. at 322. However, a plaintiff's entitlement to discovery prior to a ruling on a motion for

summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery would not be "likely to produce the facts needed by [a] plaintiff to withstand a Rule 56(e) motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of Am.,* 694 F.2d 1017, 1029-30 (5th Cir. 1983).

The district court disposed of Bisby's conditions of confinement claim against Mendoza for failure to exhaust administrative remedies and his claim against ACA for lack of state action. The district court did not need to reach the issue whether the McConnell Unit was watery and moldy due to leaks, and no discovery was necessary as to that issue. The denial of Bisby's motions was not an abuse of discretion. *See Scott,* 868 F.2d at 793.

Bisby contends that the district court erred by failing to hold a trial on his allegations. He alleges that he knows of numerous potential witnesses who would testify about longstanding, substandard conditions in the unit and about Garza's historic animosity towards men and her poor treatment of prisoners generally.

Bisby misses the point of summary judgment proceedings. No trial is necessary if a plaintiff fails to satisfy his summary judgment burden, *see Little*, 37 F.3d at 1075, and Bisby did not satisfy that burden when given the opportunity to do so. Nor did he prove exhaustion of remedies as to Mendoza.

Bisby argues that the magistrate judge erred by denying his motion for appointment of counsel. He argues that he was entitled to appointment of counsel because he lacks legal knowledge and has to rely on other prisoners who may or may not be trained in legal research. He alleges that counsel could have conducted a more effective investigation than he was able to conduct.

A district court may appoint counsel in a section 1983 case if exceptional circumstances exist. This court reviews a district court's denial of a motion for appointment of counsel under the abuse of discretion standard. *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987) (citations omitted).

The denial of Bisby's appointment of counsel motions was not an abuse of discretion. Bisby's claims against Garza and Mendoza were garden variety Eighth Amendment claims with simple fact patterns. His claim against the ACA was simply without merit. The record indicates that Bisby was familiar with prison grievance procedures and was able to present his claims to the district court adequately. Bisby's case did not present exceptional circumstances warranting the appointment of counsel. *See Cupit,* 835 F.2d at 86.

Bisby achieved three-strike status under 28 U.S.C. § 1915(g) after he filed the notice of appeal in this case. *Bisby v. Crites,* 312 F. App'x 631 (5th Cir. 2009), *petition for cert. filed* (May 7, 2009) (No. 08-10338). Bisby is reminded that he is barred from proceeding in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.