# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2010

No. 09-10369
Summary Calendar

Charles R. Fulbruge III
Clerk

FREDDIE MONROE PICKETT,

Plaintiff - Appellant

v.

J NUNN, Warden; MS LAMB, Supervisor, Law Library; ARNOLD, Assistant
Warden,

Defendants - Appellees

Appeals from the United States District Court
for the Northern  District of Texas
USDC No. 4:08-CV-708

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Freddie Pickett, a Texas state prisoner, appeals the district court's dismissal of his complaint seeking relief under 42 U.S.C. § 1983. Pickett proceeding *pro se* and *in forma pauperis* alleges that the defendants, three prison officials, denied him access to the courts.  More specifically, Pickett

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10369

alleges that the defendants denied him access to copies of certain state court and Texas Department of Criminal Justice records. He contends that as a result, his lawsuits in two other cases were dismissed. For the following reasons, we affirm.

## I. DISCUSSION

### A.    Standard of Review

A prisoner's civil rights complaint should be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). We review a district court's § 1915A dismissal de novo. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). A complaint brought by a prisoner proceeding *in forma pauperis* may also be dismissed as frivolous when it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(I); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). Such dismissals are reviewed for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Because the district court judge referred to both § 1915A and § 1915(e) when he recommended dismissing Pickett's suit, the court will review the issues raised on appeal de novo. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

2

No. 09-10369

B.    Denial of Access to the Courts

Section 1983 permits a private right of action for violations of federal law by those acting under the color of state law.  42 U.S.C. § 1983. Here, Pickett alleges that the defendants denied him access to copies of certain records and that as a result his lawsuits in two other cases were dismissed.  In his complaint against the defendants, he sought an order from the district court that the defendants make copies of certain court records available to him.  The district court dismissed Pickett's 42 U.S.C. § 1983 complaint after concluding that he failed to prove any actual injury resulting from the alleged conduct of the defendants.

An inmate alleging denial of the right of access to courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) *(*citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).  The right of access only encompasses a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement.  *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1999).  This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered.  *Brewster*, 587 F.3d at 769 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

As the district court found, Pickett cannot demonstrate injury because his legal claim is frivolous.  Pickett does not allege that he was prevented from making the factual allegations in each lawsuit due to the lack of records.  Instead, Pickett alleges that his inability to provide certain records as exhibits was the basis of dismissal of both lawsuits, but this is not so.  Rather, both cases were dismissed because the events Pickett complained of took place more than two years prior to the filing of the lawsuits, and as a result the cases were time-barred.  Because Pickett could not proceed with his time-barred suits, he cannot

3

No. 09-10369

raise a constitutional claim that his ability to pursue those suits was hindered by the alleged actions of the defendants, i.e., that he suffered any actual injury because of the defendants' alleged actions.  Having failed to state a violation of a constitutional right, Pickett's claims for relief under 42 U.S.C. § 1983 must be dismissed.

## II.  CONCLUSION

For the foregoing reasons, the district court's ruling is affirmed.