NO. 07-09-00043-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2010

_____

FREDDIE MONROE PICKETT, APPELLANT

v.

J.C. SLAWSON, ET AL, APPELLEES

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35440; HONORABLE LEE W. WATERS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Freddie Monroe Pickett, appearing *pro se* and *in forma pauperis*, is incarcerated in a secure corrections facility operated by the Texas Department of Criminal Justice. He appeals the dismissal, under Chapter 14 of the Civil Practice & Remedies Code,[1] of his suit against prison warden "J. Nunn" and prison law librarian "Ms. Lamb." We will affirm.

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002).

Background

Pickett initiated the underlying suit in December 2008, by filing a pleading entitled "Injunction Motion Order Regarding Photocopying." The brief document alleged Pickett was denied access to the courts when prison officials refused to allow him to photocopy papers necessary for presentation of two lawsuits he filed in the United States District Court for the Northern District of Texas, Fort Worth Division: *Pickett v. State of Texas,* No. 4:08-CV-594-Y and *Pickett v. Nunn,* No. 4:08-CV-708-Y. The pleading further alleged another suit Pickett filed, *Pickett v. Slawson,* No. 4:08-CV-067-Y, was dismissed because Ms. Lamb did not allow photocopying of documents Pickett needed to demonstrate he challenged revocation of parole.[2]

The remedy Pickett sought in the underlying suit was a mandatory injunction requiring the defendants allow him to photocopy the necessary copies. The record does not indicate citation was requested or issued and no defendant appeared. In January 2009, the trial court *sua sponte* dismissed the case without a hearing. It found the case presented "no arguable basis in law or fact and [Pickett's] realistic chances of ultimate success [were] slight."

---

[2] Case No. 4:08-CV-067-Y was dismissed with prejudice on the trial court's conclusion that Pickett's claims were barred by the statute of limitations. *See Pickett v. Slawson,* No. 4:08-CV-067-Y, 2008 U.S. Dist. Lexis 68325, at *4-*5 (N.D. Tex., Fort Worth Div., Aug. 28, 2008), *appeal dismissed, Pickett v. Slawson,* No. 08-10900, 326 Fed. Appx. 304, 2009 U.S. App. Lexis 11822 (5th Cir. June 2, 2009) (per curiam).

Also in January 2009, Pickett filed in the trial court a "memorandum of law" supporting his original petition.[3] In the document, he named as additional defendants "Officer Mayer," "Officer Roswell," "Assistant Warden Arnold," and "Major Ms. Pena." He prayed for temporary and permanent injunctive relief and actual and exemplary damages. Pickett timely noticed this appeal.

## Discussion

Pickett's lengthy appellate brief fails to comply with the briefing requirements of Rule of Appellate Procedure 38.1 in several respects. Tex. R. App. P. 38.1. However, it makes clear Pickett's complaint is the trial court erred by dismissing his case. We consider that issue. *See* Tex. R. App. P. 38.9.

We review dismissal of a claim under Chapter 14 for abuse of discretion. *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex.App.–Fort Worth 2004, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles; in other words, we must decide whether the decision of the trial court judge was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). "Because a trial court cannot abuse its discretion in reaching a correct result for the wrong reasons, we will uphold the trial court's order on any ground

---

[3] The memorandum of law was dated the same day as the trial court's order of dismissal. From the clerk's record it is not possible to determine if the memorandum was filed that day by mail according to Rule of Civil Procedure 5. Tex. R. Civ. P. 5. Even if the document properly could be construed as an amended petition, its content does not alter our analysis or disposition of the case.

supported by the record." *In re H&R Block Fin. Advisors, Inc.,* 262 S.W.3d 896, 899 (Tex.App.--Houston [14th Dist.] 2008, orig. proceeding).

Chapter 14 was created to "curb the flood of frivolous lawsuits being filed in state courts by inmates, consuming valuable judicial resources with little offsetting benefit." *Leachman v. Dretke,* 261 S.W.3d 297, 309 (Tex.App.–Fort Worth 2008, no pet.). Under Chapter 14, the trial court may dismiss a claim that is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, the trial court may consider whether the claim's realistic chance of ultimate success is slight or whether the claim has no arguable basis in law or in fact. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)(2) (Vernon 2002).

The doctrine that primary jurisdiction must first be exercised by the administrative body prior to a court having any jurisdiction is well established in Texas. *Railroad Commission v. Wencker,* 140 Tex. 527, 168 S.W.2d 625, 629 (1943); *Lloyd A. Fry Roofing Co. v. State,* 516 S.W.2d 430, 432 (Tex.Civ.App.–Amarillo 1974, writ ref'd n.r.e.). The legislature has mandated that the Texas Department of Criminal Justice develop and maintain an inmate grievance system. Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004). An inmate must exhaust the department's grievance system before filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002); Tex. Gov't Code Ann. § 501.008 (Vernon 2002). Exhaustion of the department's grievance process is documented by the inmate filing with the trial court an affidavit or unsworn declaration stating the date the grievance was filed and the date the inmate received the written decision described by § 501.008(d) of the Government Code, and a copy of the written

4

decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1)(2) (Vernon 2002). Suit on the claim must be brought within thirty-one days of the date the inmate receives the written grievance decision or the trial court must dismiss the case. *Id.* at § 14.005(b). If an inmate files suit before the grievance process is complete, the trial court must stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance process. *Id.* § 14.005(c).

Pickett complains he was denied photocopying privileges. Thus the department's policies, rules, regulations and procedures on the matter were implicated. *Tex. Dep't of Criminal Justice, Offender Orientation Handbook,* Chapter 4: "Offender Access to the Courts, Counsel, and Public Officials Rules," 91-94, §§ I-III (rev. Nov. 2004), available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited on September 8, 2010) (sections of the chapter among other things address law libraries, legal materials, and performance of legal work). Issues concerning the interpretation or application of the department's policies, rules, regulations and procedures as well as any other matter within the authority of the department, are subject to the department's grievance process. *Id.* 52-53 § VI(F).

The department's grievance process begins with an informal attempt to resolve the problem. If the informal attempt is unsuccessful, two steps follow. The inmate has fifteen days from the grievable event to forward a step 1 grievance form to the unit grievance investigator. If unsatisfied with the step 1 decision, the inmate may appeal by

5

submitting a step 2 form to the unit grievance investigator within fifteen days of the step 1 response. *Id.* at 52 § VI(B). A written response is due within thirty-five days. *Id.*

Attached to Pickett's memorandum of law were two department form I-60s submitted by Pickett. One addressed to "Ms. Rowell" complained of "Ms. Lamb" and the department's Jordan unit. The other sought an explanation from "Ms. Lamb" for denying Pickett copies. But submission of a form I-60 is not a step in the department's grievance process. *Bisby v. Garza,* No. 08-40876, 342 Fed. Appx. 969, 2009 U.S. App. Lexis 19433, at *7 (5th Cir. August 28, 2009) (per curiam). Rather, it is the written means for an inmate to request assistance. *Offender Handbook* at 49 § VI(P). Otherwise, Pickett's pleading, and for that matter the record, omit a declaration of the date a grievance was filed, the date a decision was received, and a copy of the decision. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon 2002).

On this record, the trial court could conclude that Pickett failed to exhaust the department's administrative remedies. A claim lacks an arguable basis in law if the inmate fails to exhaust administrative remedies before filing suit. *Retzlaff v. Tex. Dep't of Criminal Justice,* 94 S.W.3d 650, 653 (Tex.App.–Houston [14th Dist.] 2002, pet. denied). Moreover, a trial court does not abuse its discretion in dismissing a case for the inmate's failure to strictly meet the requirements of § 14.005. *Brewer v. Simental,* 268 S.W.3d 763, 768 (Tex.App.--Waco 2007, no pet.).

The record also supports a second reason for dismissal of Pickett's suit, which the trial court did not express in its order. In determining whether a claim under Chapter 14 is frivolous or malicious, a trial court may consider "whether the claim is substantially

6

similar to a previous claim filed by the inmate because the claim arises from the same operative facts." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). In the absence of an affidavit meeting the requirements of § 14.004, the trial court may assume the suit is substantially similar to one the inmate previously filed. *Bell v. Texas Dep't of Crim. Justice-Institutional Div.,* 962 S.W.2d 156, 158 (Tex.App.--Houston [14th Dist.] 1998, pet. denied).

Pickett did not file an affidavit or unsworn declaration specifically identifying all other *pro se* lawsuits he filed as required by § 14.004. Identification in his petition by name and case number of his three federal court cases and a two-sentence explanation of the dismissal of *Pickett v. Slawson* do not satisfy the specific requirements of § 14.004. An assumption of substantial similarity of suits is proper on this record.[4]

We conclude the trial court did not abuse its discretion by dismissing Pickett's case.

Orders on Pending Matters Carried with the Case

During the pendency of this appeal, Picket filed a document with the clerk of this court bearing the form of an application for writ of habeas corpus under federal law.

---

[4] The function of a § 14.004 affidavit for determining substantial similarity of suits is illustrated here. Had Pickett filed a proper affidavit the trial court would have learned that in Case No. 4:08-CV-708-Y Pickett sued J. Nunn, Ms. Lamb, and others seeking an order requiring prison officials make copies of court records available to him, that he alleged the defendants denied him access to the courts, and that he further alleged *Pickett v. Slawson,* No. 4:08-CV-067-Y, was dismissed because Pickett was unable to provide copies of court documents. *See Pickett v. Nunn,* No. 4:08-CV-708-Y 2009 U.S. Dist. Lexis 28077 (N.D. Tex. Fort Worth Div. April 2, 2009), *aff'd, Pickett v. Nunn,* 367 Fed. Appx. 536, 2010 U.S. App. Lexis 3790 (5th Cir., Feb. 24, 2010) (per curiam) (case dismissed with prejudice; no actual injury shown as dismissal of prior cases was not for failure to provide records but for untimely filing).

*See* 28 U.S.C.A. § 2254 (West 2006) (federal habeas corpus statute). We lack jurisdiction over original habeas corpus actions in criminal law matters. Our original jurisdiction over a habeas corpus petition is limited to contempt judgments in which a person's liberty is restrained because the person violated the order of a court in a civil case. *See* Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004). Moreover, by § 2254 Congress granted the courts of the United States authority to grant habeas relief to a person in custody according to the judgment of a state court. *See generally* 28 U.S.C.A. § 2254(a) (West 2006) (statute entitled "State custody; remedies in Federal court"; subsection (a) in part provides, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ."). This section does not alter our limited habeas corpus jurisdiction. To the extent the document Pickett filed requests habeas corpus relief under § 2254, it is dismissed for want of jurisdiction.

By motion, Pickett requested reconsideration of denial of oral argument. Pickett did not timely request oral argument and our decisional process would not be significantly aided by oral argument. Tex. R. App. P. 39.1(d). The motion for reconsideration is denied.

Pickett also filed a motion requesting discovery from appellees. Discovery serves no purpose in the appellate process and is not authorized by law. Pickett's motion for discovery is dismissed.

8

Pickett also filed a number of other documents with the clerk of this court.  Pickett is untrained in law but has laboriously handwritten his filings, many of them lengthy.  Discernment of the purpose of many of these documents has proved difficult.  This said, if there remains pending any motion or other matter Pickett intended for our decision, it is denied.

## Conclusion

Finding no abuse of discretion, we overrule Pickett's appellate issue, and affirm the judgment of the trial court.

James T. Campbell
Justice